*613 OPINION.
Matthews:
Respondent contends that the distribution here made was in pursuance of a plan of merger which required the petitioners to transfer a portion of the stock dividend to an agent of the First' National Bank and to receive cash in exchange and that the transfer, therefore, falls squarely within section 115 (g) of the Revenue Act *614 of 1928, quoted in the margin,[1] as essentially equivalent to the distribution of a taxable dividend. The petitioners contend that a stock dividend was declared and paid by the First National, that no part of the stock was canceled or redeemed, that none of the assets of the First National were distributed to its stockholders, that the cash received by the petitioners for their stock in the First National was received from the stockholders of the City National and could not, therefore, constitute a cash dividend from the First National.
Prior to February 25, 1927, a national bank could not lawfully declare a stock dividend; see 32 Op. Atty. Gen. 325, holding that under sections 57, 58, and 60 of Title 12, TJ.S. Code Annotated, national banks cannot lawfully declare stock dividends. On February 25, 1927, the National Banking Act was amended so that section 57 of Title 12, TJ.S. Code Annotated (sec. 5142 U.S. Revised Statutes), reads as follows:
Any national banking association may, with the approval of the Comptroller of the Currency, and by a vote of shareholders owning two-thirds of the stock of such associations, increase its capital stock to any sum approved by the said comptroller, but no increase in capital shall be valid until the whole amount of such increase is paid in and notice thereof, duly acknowledged before a notary public by the president, vice president, or cashier of said association, has been transmitted to the Comptroller of the Currency and his certificate obtained specifying the amount of such increase in capital stock and his approval thereof, and that it has been duly paid in as part of the capital of such association: Provided, however, That a national banking association may, with the approval of the Comptroller of the Currency, and by the vote of shareholders owning two-thirds of the stock of such association, increase its capital stock by the declaration of a stock dividend, provided that the surplus of said association, after the approval of the increase, shall be at least equal to 20' per centum of the capital stock as increased. Such increase shall not be effective until a certificate certifying to such declaration of dividend, signed by the president, vice president, or cashier of said association and duly acknowledged before a notary public, shall have been forwarded to the Comptroller of the Currency and his certificate obtained specifying the amount of such increase of capital stock by stock dividend, and his approval thereof.
The “ Instructions of the Comptroller of the Currency, Relative to the Organization and Powers of National Banks,” 1928 edition, in chapter 6, Earnings and Dividends, contains this instruction with *615 respect to the increase of capital by the declaration of a stock dividend:
If it is desired to increase the capital stock of the bank out of its surplus and profits, this can be done either by the declaration, of a stock dividend or by the declaration of a dividend payable in cash, the dividend checks being accepted in payment for the new stock. If it is decided to increase it by the payment of a stock dividend, the statute requires that the surplus of the bank be continued at an amount equal to 20 percent of its capital stock after the increase. Funds in the surplus account exceeding that amount may be withdrawn and credited to undivided profits. A dividend can then be declared therefrom by the directors payable in stock, but the stock certificates can not be issued as a dividend until after all the legal requirements have been complied with and the comptroller’s certificate authorizing an increase received. If the officers advise that a stock dividend is contemplated, a special form of the resolution of shareholders providing for the increase in capital and the certificate of the president or cashier certifying- to the increase will be furnished.
The First National complied -with the requirements of the statute and the instructions of the Comptroller of the Currency, in increasing its stock by the declaration of a stock dividend. Its capital was $525,000 and surplus $575,000 prior to the declaration of the stock dividend. It carried $275,000 to the undivided profits account, leaving $300,000 in the surplus account, and declared a stock dividend of $275,000. The $300,000 left in the surplus is more than the necessary 20 percent of the capital after the proposed increase required by the statute to be retained in surplus.
Although the assumption of the deposit liabilities of the City National by the First National and the sale of 1,800 shares of First National stock by its stockholders to City National stockholders were related and dependent propositions, the fact that First National shareholders had agreed to sell stock to City National shareholders, prior to the receipt of the dividends, does not make the payment for such stock in the manner described in the findings of fact a payment by the First National to its stockholders in redemption of a portion of the stock dividend. The First National, before the increase of the stock, had capital, surplus, and undivided profits of $1,100,000. After the increase of the stock and the distribution of stock dividends, the First National still had capital, surplus, and undivided profits of $1,100,000. The sale by the First National stockholders to City National stockholders of a portion of the stock received as dividends did not affect the amount of capital, surplus, and undivided profits, which was still $1,100,000. At no time was any of the stock of the First National redeemed or canceled, and petitioners received no cash from the First National or an agent of the First National.
The provision of the statute on which respondent relies contemplates a distribution in cancellation or redemption of stock. Here *616 there was no cancellation or redemption by First National of any portion of its stock. The money which was distributed to petitioners for the shares of stock sold came from stockholders of the City National. The fact that City National stockholders borrowed such amount from the First National, in the first instance, does not make this a payment by the First National. The stockholders of the City National repaid the notes to the First National out of the proceeds of the excess assets after paying the note covering the deposit liabilities assumed by the First National.
Petitioners received a stock dividend from the First National and sold some of the stock received immediately for $137.50 per share. Any gain on such sale is includable in gross income and subject to both normal tax and surtax. Any loss sustained is deductible. Secs. Ill and 112 (a).
The basis for determining the gain or loss on the shares of stock sold is'the cost of the stock held on March 31, 1928, apportioned between such stock and the stock dividends distributed on May 7, 1928. From the opening statements made by counsel for the parties, it was understood that there was no dispute as to the cost of the stock held by these petitioners on March 31, 1928. The computation of the cost of the stock sold is, therefore, merely a mathematical computation which can be made in the recomputation of the deficiency under Rule 50.

Judgment' will he entered under Rule 50.

 SEC. 115. DISTRIBUTIONS BY CORPORATIONS.
* ⅛ ⅜ * 4 # *
(g) Redemption of stooh. — If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, tbe amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earning's or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. In the ease of the cancellation or redemption of stock not issued as a stock dividend this subsection shall apply only if the cancellation or redemption is made after January 1, 1926.